UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY BRIAN MALLGREN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. ) | Civil Action No. 1:25-cv-02884 (UNA) |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has filed a Complaint ("Compl."), ECF No. 1, and an Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Plaintiff's IFP application, and for the reasons discussed below, dismisses this matter for failure to meet the minimal pleading standards set forth by Federal Rule 8(a).

Plaintiff, a resident of the District of Columbia, sues the United States. Compl. at 1. The Complaint is nebulous and difficult to follow. *See generally id*. Plaintiff states

> New York originally granted a poor person order against Anthony Brian Mallgren, petitioner ("Attempted Relief"). Anthony Brian Mallgren, petitioner, made an Attempted Relief rescindment request under 28 U.S. Code § 1346 (a)(2) (recommending "District of Columbia" ("DoC") performcross-district-court communication pre-Supreme-Court) ("Relief Rescindment"). Anthony Brian Mallgren, petitioner, experienced many issues with currency/finance operation/regulation while in DoC, much of which has not yet been resolved. Anthony Brian Mallgren, petitioner, justified leaving DoC in favor of Bronx County due to low quality interaction in DoC and a lack in efficient/effective USDC DC court proceeding ("Inadequate Housing"). In having been accepted in "University of District of Columbia", Anthony Brian Mallgren, petitioner, sought proper relief in Relief Rescindment ("Mother Court Relief Request"). A court inadequacy preventing Mother Court Relief Request fulfillment resulted in Inadequate Housing, and then, this petition.

*Id.* at 1 (paragraph numbers omitted).  For relief, he demands the opening of a "*pro se* Court of Claims electronic filing," and, ostensibly, the institution of a "United States law requiring social service DoC mail service provider allow mail to be opened, scanned, and sent electronically."  *See id*.

*Pro se* litigants must comply with the Federal and Local Rules of Civil Procedure.  *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987).  Federal Rule 8(a) requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004).  The Rule 8 standard ensures that respondents receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  Here, Plaintiff's vague allegations fall well short of providing notice of any claim or establishing this Court's subject matter jurisdiction.

Accordingly, the Court dismisses the Complaint, and this matter, without prejudice.  An Order consistent with this Memorandum Opinion is issued separately.

Date: December 1, 2025

TREVOR N. McFADDEN
United States District Judge